CINCINNATI TRACTION CO. v. EDWARD WM. GEORGE.

1. GIVING JURY SUBSTANCE OF STATUTE DECLARATORY OF GENERAL PRINCIPLE OF NEGLIGENCE IN OPERATION OF DEFECTIVE MACHINERY, NOTWITHSTANDING RULE OF FELLOW SERVANT NOT INTERPOSED HELD NOT ERRONEOUS.

> Where the block and pulley connected with the operation of an elevator are fastened in place by nails only, a finding by the jury that the insecure fastening was the proximate cause of the falling of the appliance, and injury to the plaintiff employed underneath, will not be disturbed.

2. FINDING THAT INSECURE FASTENING OF ELEVATOR BLOCK, SECURED ONLY BY NAILS WAS PROXIMATE CAUSE OF INJURY NOT DISTURBED.

> Gen. Code 6242 (R. S. 4238o) is declaratory of the general principle of the law of negligence in the operation of defective machinery and appliances, and it is not error to give to the jury the substance of this section as the law of the case, notwithstanding the defense of negligence on the part of a fellow servant was not interposed.

3. VERDICT OF $8,000 REMITTED TO $5,000.

> A verdict of $8,000 for injuries to an employe receiving only $1.75 per day at the time of an accident, who some months thereafter returned to work at $8 a week, and two years later was advanced to $10 a week, and four years after the accident was again receiving his old pay of $1.75 a day, is excessive and is reduced to $5,000.

ERROR to common pleas court.

*Joseph Wilby* and *George P. Stimson,* for plaintiff in error.

*Cogan & Williams* and *Thos. L. Michie,* for defendant in error.

**GIFFEN, P. J.**

The particular negligence relied upon at the trial is charged in the petition as follows:

"That the block which held the pulley connected with the operation of the said elevator, which was fastened to a beam above the second floor of the said factory building, in the said elevator shaft, was carelessly and negligently attached to said beam by nails which were liable to rust and to work out and that.

Hamilton County.

the same should have been bolted so as to secure the said pulley safely and prevent it from falling, and that the defendant wrongfully, willfully and negligently, caused, suffered and permitted the said elevator to become worn and defective, and unfit and unsafe to be used by continuing to use the said elevator with its pulley nailed instead of bolted as hereinbefore alleged, and by failing to inspect the condition of said pulley and the nails which supported it, and that such inspection, if properly made, would. have disclosed that the said nails were not sufficient to keep the said pulley in place and prevent it from falling; and that the defendant was negligent in allowing the said elevator to be used when the said pulley was nailed as aforesaid, and was not secured in its position by bolts, and in continuing the use of the said elevator when the said pulley was nailed as aforesaid, and that by reason of the aforesaid negligence of the defendant the said pulley fell as hereinbefore alleged, and struck the plaintiff.''

There is an averment also of knowledge on the part of the defendant of such defective appliance or the means of knowing; but no averment of want of knowledge or of equal means of knowing of the defect on the part of the plaintiff.

Soon after the trial began the court permitted an amendment of the petition supplying this omission. This is clearly sanctioned by R. S. 5114 (Gen. Code 11363), and the only ground of complaint by the defendant was the refusal of the court to withdraw a juror and continue the case. It does not appear that the defendant was taken by surprise or otherwise unprepared to meet the issue tendered by the amendment, hence there could be no prejudice.

The error, if any, in refusing to give the second and fourth special instructions requested by the defendant, is cured by the last special instruction given at the request of the defendant before argument to the jury, because it pertains to the same subject-matter and presents it to the jury in language more appropriate to the evidence.

The court in its general charge submitted to the jury certain issues which, although raised by the pleadings, were eliminated from the case not only by the undisputed evidence, but by the

Traction Co. v. George.

special instructions given before argument. A careful consideration of the whole charge convinces us that the jury were not misled thereby. In one instance, at least, counsel for defendant invited the error by requesting the court to charge upon the question of negligence in the construction of the block and pulley when the undisputed evidence was that they were originally constructed, not by the defendant, but by its predecessors.

The reference by the court to the "negligent operation" of the elevator by the defendant, was evidently intended to apply, not to the manner of using it at the time of the accident, but to its continued use, without repair, after being aware of the defect.

The most serious objection urged is the refusal of the court to instruct the jury to return a verdict for the defendant, it being contended that the failure to fasten to the post with bolts the wooden block, holding the pulley, was not the proximate cause of the same falling; but that the only cause was the unusual strain on the shifting cable resulting from the sudden fall of the south end of the platform (which was over thirty-one feet in length) to the floor below. This theory of the case receives less support from the defendant's evidence than from that of plaintiff, because it proved not only that the shifting cable was not attached to the platform of the elevator, but that its own superintendent of the mechanical department was, after a full investigation, unable to tell what caused the platform or the sheave wheel to fall.

The testimony offered by plaintiff tended to prove that the block of wood was fastened to the upright timber by four or five wire nails, ten-penny in size, and that they were insufficient for the purpose. It is significant that the iron frame of the pulley was not severed from the wooden block to which it was fastened by two lag screws, but that the block parted from the timber to which it was fastened by the nails. It is true that the lag screws extended into the post also about three inches, and it may be that the inferior quality of the timber prevented it from holding securely either the nails or the lag screws, in which case there would be all the more reason for

using bolts. The defendant would not have performed its duty toward plaintiff by maintaining the pulley, directly over his head, at the minimum of safety. To afford security from accident, it is customary to estimate the working load as only one-third, one-fourth, or in some cases, only one-tenth part what would be required to produce fracture, because the material of whatever kind is liable to be imperfect. Besides, the strain, although slight in each operation of the elevator, would after years of continued use tend to loosen the nails until an ordinary pull would draw them out. The motion was properly overruled. Under the instructions given to the jury it is evident that they found the proximate cause of the accident to be, not the dropping of the south end of the elevator, but the defective manner in which the block and pulley were attached and maintained. We are not prepared to hold that the jury were wrong in this finding.

It is claimed that the court erred in giving to the jury as the law of the case what in substance is Gen. Code 6242 (R. S. 4238o), because there was no defense made of negligence of a fellow-servant. While this section was intended to avoid such a defense, it is declaratory also of a general principle of the law of negligence, which is applicable to this case, and the court did not err in stating it to the jury.

Although a jury has twice fixed plaintiff's damages at $8,000, we think the amount excessive. He was receiving as wages at the time of the accident $1.75 per day. He lost seven months' time, then commenced work at $8 per week, and continued for about two years, then received $10 per week until the fall of 1907, when he received and at the time of trial was receiving the same wages he did of the defendant. The evidence of any permanent disability to perform manual or mental labor or of any continuous pain and suffering is uncertain and speculative. We think the sum of $5,000 will afford ample compensation for injury, suffering and expenses incurred as well as time lost, and unless the plaintiff will consent to a remittitur of $3,000 the judgment will be reversed.

Smith and Swing, JJ., concur.